**2024 WI 44**

# Supreme Court of Wisconsin



OFFICE OF LAWYER REGULATION,
*Complainant,*

*v.*

ADAM JAMES WESTBROOK,
*Respondent.*

No. 2024AP1860-D
Decided December 17, 2024

ATTORNEY DISCIPLINARY PROCEEDING.

¶1    PER CURIAM.  Attorney Adam James Westbrook has filed a petition for the consensual revocation of his license to practice law in Wisconsin pursuant to Supreme Court Rule (SCR) 22.19. In his petition, Attorney Westbrook states that he cannot successfully defend against the allegations of misconduct in connection with an investigation conducted by the Office of Lawyer Regulation (OLR).

¶2    Attorney Westbrook was admitted to practice law in Wisconsin in 2017. His license is currently administratively suspended. He has no previous disciplinary history. On September 11, 2024, this court temporarily suspended Attorney Westbrook's Wisconsin law license due to a pending criminal charge against him.

¶3    The OLR is investigating allegations that Attorney Westbrook may have violated Supreme Court Rule (SCR) 20:8.4(g) by engaging in conduct leading to his indictment by a federal grand jury on February 21, 2024. The indictment alleged that Attorney Westbrook used Snapchat to

send two videos of a minor engaged in sexually explicit conduct. On February 20, 2024, the State of Wisconsin had charged Attorney Westbrook with four counts of child sexual exploitation and four counts of possession of child pornography. Following the federal indictment, the State dismissed the criminal complaint.

¶4      The petition for revocation by consent states that on September 16, 2024, Attorney Westbrook entered a guilty plea in federal court to the conduct being investigated by OLR.

¶5      In the petition for revocation by consent, Attorney Westbrook states that he cannot successfully defend himself against the allegations of misconduct being investigated by OLR. Attorney Westbrook avers that he is filing the petition freely, voluntarily, and knowingly; that he understands that he has the right to retain counsel in the matter; that he understands he is giving up his right to contest the misconduct allegations; and that he is aware that if this court grants the petition and revokes his license to practice law in Wisconsin, SCRs 22.26 – 22.33 apply.

¶6      The OLR has filed a memorandum recommending that Attorney Westbrook's petition for revocation by consent be granted and that his Wisconsin law license be revoked.

¶7      Having reviewed Attorney Westbrook's petition for consensual revocation and OLR's recommendation on the petition, we grant Attorney Westbrook's petition for the revocation of his license to practice law in Wisconsin. As OLR notes in its memorandum in support of the petition, Attorney Westbrook's distribution of child pornography has brought tremendous disrepute to the legal profession and the courts. The seriousness of Attorney Westbrook's misconduct demonstrates that it is appropriate to revoke his law license in order to protect the public, the courts, and the legal profession from repetition of his misconduct; to impress upon him the seriousness of his misconduct; and to deter other attorneys from engaging in similar misconduct. Since this matter was resolved without the need to appoint a referee, we assess no costs against Attorney Westbrook.

¶8      IT IS ORDERED that the petition for consensual license revocation is granted.

¶9      IT IS FURTHER ORDERED that the license of Adam James Westbrook to practice law in Wisconsin is revoked, effective the date of this order.

¶10      IT IS FURTHER ORDERED that, to the extent he has not already done so, Adam James Westbrook shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

ANNETTE KINGSLAND ZIEGLER, C.J., with whom REBECCA GRASSL BRADLEY and BRIAN HAGEDORN, JJ., join, concurring.

¶1     I concur in the court's order revoking Attorney Westbrook's license to practice law in Wisconsin. I write separately to point out that in Wisconsin the "revocation" of an attorney's law license is not truly revocation because the attorney may petition for reinstatement after a period of five years. See SCR 22.29(2). I believe that when it comes to lawyer discipline, courts should say what they mean and mean what they say. We should not be creating false perceptions to both the public and to the lawyer seeking to practice law again. See In re Disciplinary Proceedings Against Moodie, 2020 WI 39, 391 Wis. 2d 196, 942 N.W.2d 302 (Ziegler, J., dissenting). And, as I stated in my dissent to this court's order denying Rule Petition 19-10, In the Matter of Amending Supreme Court Rules Pertaining to Permanent Revocation of a License to Practice Law in Attorney Disciplinary Proceedings, I believe there may be rare and unusual cases that would warrant the permanent revocation of an attorney's license to practice law. See S. Ct. Order 19-10 (issued Dec. 18, 2019) (Ziegler, J., dissenting).